IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OCTAVIO GARCIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No.   24-2258-DWD |
| ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
| NURSE PRACTITIONER DESAI, ) | |
| and CHRISTINE BROWN, ) | |
| ) | |
| Defendants. ) | |

**DECLARATION OF LISA WEITEKAMP**

I, Lisa Weitekamp, state that I have personal knowledge of the facts set forth herein, that I am competent to testify, and pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. I am currently employed as the manager of the Administrative Review Board (ARB) for the Illinois Department of Corrections (IDOC). As the manager of the ARB, my duties include, among other matters, reviewing and responding to grievances filed by individuals in custody in the manner set forth herein.

2. Individuals in the custody of IDOC may file grievances in accordance with IDOC Rule 504F, Grievance Procedures for Committed Persons. Generally, an individual in custody must first attempt to resolve grievances by filing a written grievance within 60 days of the incident at issue for first-level review by the individual's counselor. Merely discussing the issues with the individual's counselor informally does not satisfy this requirement.

3. If, following the counselor's response, the grieved issue remains unresolved, the individual in custody may resubmit that same original written grievance form – with the counselor's response included – to the facility grievance officer designated by the Chief Administrative Officer (CAO) of the facility. The grievance officer may personally interview the

individual in custody and/or witnesses as deemed appropriate and obtain relevant documents to determine the merits of the individual's grievance. Upon completion of such investigation, the grievance officer's conclusions and (if appropriate) recommended relief are forwarded to the CAO. The decision of either the CAO or the CAO's designee is then returned to the grieving individual in custody.

4. If, after receiving the CAO's decision, the individual in custody feels the issue remains unresolved, the individual may appeal in writing to the IDOC Director by submitting the grievance officer's report and CAO's decision to the ARB within 30 days of the CAO's decision.

5. The ARB, as the Director's designee, reviews the appeal and determines whether the individual's grievance can be handled without the necessity of a hearing. Other matters may, at the ARB's discretion, be scheduled for a hearing involving an interview of the grieving individual, an examination of the relevant documents, and possible witness testimony.

6. The ARB submits a written report of its findings and recommendation to the Director or Director's designee, who then reviews the report and makes a final determination on the grievance. A copy of the ARB's report and the Director's final decision is then sent to the individual in custody who filed the grievance. The originals of these documents are maintained in the ARB files. IDOC Rule 504F: Grievance Procedures for Committed Persons provides no further means for review beyond this step.

7. An individual in custody may request a grievance be handled on an emergency basis by marking the original grievance as an emergency and forwarding the grievance directly to the CAO rather than to a counselor or grievance officer. If the CAO determines that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the individual in custody, the grievance will then be handled on an emergency basis. If the CAO determines that

the grievance does not present a substantial risk of imminent personal injury or other serious or irreparable harm to the individual in custody, the grievance is deemed non-emergency and is returned to the individual by the CAO. The individual then must resubmit the original grievance to the counselor and/or grievance officer for consideration through the normal grievance process, as outlined in paragraphs 2-3. At the conclusion of that process, the individual in custody then may appeal to the ARB as outlined in paragraphs 4-6.

8. The grievance procedure may not be used for complaints regarding decisions that are outside the IDOC's authority, such as parole decisions, clemency, or orders regarding the length of sentences or decisions which have been reviewed by the Director.

9. The ARB maintains a log, known as IGRV, which shows all grievances received by the ARB for a particular individual in custody. This record is maintained in the ordinary course of business by the ARB and includes information such as the topic of the grievance, the date the grievance was heard or decided by the ARB, the grieving individual's location at the time of the grievance and the time of the alleged incident, and a brief description of the grievance, among other things. The entries are made at or near the time of the events by a person with knowledge.

10. In addition to the IGRV, the ARB maintains a file with paper copies of all grievances and correspondence received from an individual in custody.

11. At the request of the Attorney General's Office, the ARB was asked to search the ARB's records regarding Octavia Garcia, #R06919 for all grievances in Mr. Garcia's ARB file from October 1, 2022 to November 13, 2024.

12. I have reviewed Exhibit C to Defendants' Motion for Summary Judgment and found it to be a true and accurate copy of Plaintiff's IGRV and ARB Grievances and Responses, as of November 13, 2024.

13. The ARB's records indicate that, as of November 13, 2024, when the Attorney General's Office requested Plaintiff's ARB records, Plaintiff had submitted eighteen grievances to the ARB for review with one related to requesting medical treatment in October 2022. (Bates 481-484).

14. The remainder of Plaintiff's ARB Grievances and Responses pertain to incidents occurring at other facilities or related to other unrelated events. (Ex. C).

15. The ARB received grievance #2952-10-22 on November 17, 2022. (Bates 481). The ARB reviewed and denied grievance #2952-10-22 on December 9, 2022. *Id.*

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on this 15th day of April, 2025.

LISA WEITEKAMP